IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ROGER LEE DAVIS, SR. | ) | |
| BONNIE M. DAVIS, | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | CASE NO. 04-03519 |

### MEMORANDUM OPINION

The matter before the Court is the Debtors' Motion to Sell Free and Clear of Liens and Determine Payoff of Claim[1] and the Objection filed by Saxon Mortgage Services, Inc. This matter was noticed originally for a hearing on November 5, 2007, has been continued twice at the request of the parties and was finally heard on January 7, 2008 and taken under advisement. After due consideration of the facts and circumstances of this case, the Court, for the reasons noted below, concludes the Motion should be granted.

FINDINGS OF FACT

The Debtors filed their petition under chapter 13 of the Bankruptcy Code on August 8, 2004. On Schedule D, Debtors list Saxon Mortgage Services, Inc. ("Saxon") as a secured creditor with a deed of trust on their primary residence in the amount of $89,648.05.

---

[1] The Court observes that this Motion combines requests for two forms of relief, to obtain approval of the Court to sell property free and clear of liens pursuant to 11 U.S.C. § 363(f) and to obtain a determination of the extent of the mortgagee's lien, the latter of which ordinarily should be sought in an adversary proceeding pursuant to Bankruptcy Rule 7001(2). Saxon has not objected to the Motion on procedural grounds and therefore the Court, for reasons of judicial economy, the minimization of the legal expenses being incurred by the parties, and their implied consent to such procedure, will rule upon both issues.

Debtors' Amended chapter 13 Plan was filed on October 13, 2004 and confirmed by Order[2] of

this Court on February 8, 2005. The Plan[3] proposed that the Debtors would pay Saxon $856.71

directly per month starting in October 2004.

On January 16, 2006, Saxon filed a Motion for Relief from Stay asserting that the

Debtors were in arrears for four monthly post-petition mortgage installments for a total

deficiency of $4,371.68, which included $800.00 for "[b]ankruptcy fees and costs" and four late

charges. Attached to the Motion for Relief was the mortgage note dated August 25, 2003, which

was in the original amount of $90,000.00 with a yearly interest rate of 9%. The note indicates

that Debtors agreed to pay the monthly amount of $724.16 on the first of the month starting on

October 1, 2003 and continuing for thirty years until the last payment to become due on

September 1, 2033. In the Consent Order Modifying Relief from Automatic Stay dated March

30, 2006 resolving the Motion for Relief, the Court ordered the Debtors to make all regular

monthly post-petition mortgage payments beginning in April 2006 as they become due, and

further that they cure the post-petition mortgage arrearage in the amount of $6,157.52, which was

comprised of the post-petition mortgage payments of $856.71 per month for the months of

October 2005 through March 2006 (i.e., two additional payments beyond those included in the

Motion for Relief filed in January) and attorney's fees and costs in the amount of $800.00 by

---

[2] This Order provided as follows with respect to any sale by the Debtors of their property
following confirmation of Plan during the case: "Debtor shall not . . . dispose of any property out
of the ordinary course of business without prior approval of the Trustee or leave of Court."

[3] Debtors' Second Amended chapter 13 Plan dated December 22, 2006 and confirmed by
Order of this Court on January 25, 2007, their only other confirmed Plan, gives Saxon's claim the
same treatment. The Third Amended Plan, which is awaiting confirmation, proposes to sell the
property and pay Saxon's claim in full.

making monthly payments of $1,026.25 from April 15, 2006 through September 15, 2006.

The Debtors filed on October 11, 2007 a Motion to Sell Free and Clear of Liens and Determine Payoff of Claim, which sought the authority to sell the Debtors' property on which Saxon holds a deed of trust and also a determination of Saxon's claim. The Motion states that the Debtors had entered into an agreement to sell the subject property at a price of $109,000.00, which is greater than the aggregate value of all the liens on the property, and that the sale proposes to pay all liens in full.[4] All remaining proceeds from the sale are to be paid to the chapter 13 Trustee. Further, the motion alleges that Saxon's payoff amount as sent to the Debtors is overstated because the payoff should be less than the amount which Saxon is demanding. The chapter 13 Trustee, by counsel, stated at the hearing upon the Motion that she did not oppose it, nor has any other party in interest opposed it, except for Saxon, which filed its Objection on October 26, 2007 stating that the Motion failed to properly calculate the payoff of its secured claim.

At that hearing, Debtors' counsel introduced evidence in the form of a proffer of testimony and four exhibits to support his contention that Saxon's payoff was overstated. The male Debtor was in court, but the Debtors' counsel offered a proffer of his testimony with the permission of Saxon's local counsel in lieu of testimony from the stand. The proffer stated that Debtors had made on time all of the stipulated payments to Saxon required by the Consent Order resolving the Motion for Relief, including all regular monthly mortgage payments coming due since that time.

---

[4] Saxon is the only secured creditor with a lien on the subject property (not including any lien for unpaid real estate taxes).

The first document, admitted into evidence as Exhibit #1, is a payoff letter dated October 26, 2007 received from Saxon's bankruptcy counsel that sets forth a total payoff amount of $95,304.25 as of November 1, 2007. The itemized breakdown of monies owed set forth a principal unpaid balance of $87,516.38, "Interest Calculated thru 11/1/2007" in the amount of $4,594.59, "Other Fees" in the amount of $1,601.30, "Previous Bankruptcy Attorney Fees and Costs" in the amount of $925.00, and "Current Bankruptcy Attorney Fees and Costs" in the amount of $250.00. The second document, entered into evidence as Exhibit #2, is a copy of Saxon's Proof of Claim which sets out a total secured amount of $94,117.02, including $5,528.79 total arrearage as of the date of Debtors' petition. The pre-petition arrears resulted from five missed payments between May 2004 and September 2004 including late charges, fees, an escrow shortage, and other accrued late charges. Debtors' Exhibit #3 is a document furnished by the office of the chapter 13 Trustee showing payments made by the Trustee as of the hearing date. Included in that document are payments made by the Trustee in the amounts of $2,310.94 and $417.56 to Saxon upon the mortgage arrears. Debtors' Exhibit #4 is a computer printout received by Debtors' counsel from Saxon's counsel setting out Saxon's allegations of post-petition attorney fees and other costs. All of these exhibits were admitted without objection.

Debtors' counsel argued that four items included in Exhibit #1 were problematic and/or unsupported and therefore should be denied in full or in part. First, he addressed the item labeled "Current Bankruptcy Attorney Fees and Costs" in the amount of $250.00 and argued that the charges are unreasonable because Saxon is asking for attorney fees to resolve the current dispute regarding the value of Saxon's claim, which is a dispute created by Saxon itself and the Debtors should not be responsible for those fees. Secondly, he argued that the entry titled

4

"Previous Bankruptcy Attorney Fees and Costs" in the amount of $925.00 appears to be the fees

and costs accrued in connection with the Motion for Relief dated January 16, 2006. Because

$800.00 of those fees and costs were already paid through Debtors' monthly payments of

$1,026.25 from April through September 2006, and the other charges are unsupported, this entry

should be denied as overstated and previously paid. Thirdly, Debtors object to the entry titled

"Other Fees" in the amount of $1,601.30 because Debtors' counsel has been provided no

explanation for what these fees actually cover. He stated that he has been asking for Saxon to

justify these costs for three months but has not been able to get an answer. Debtors' counsel

reasoned that the only thing of which he could think that would fit into this category is that

Saxon has decided to have an inspector come to the Debtors' property every month to do a

property inspection and this charge includes the costs of these monthly inspections to the extent

of $295.30. However, he has no explanation for the remaining $1,307.80 for which Saxon is

charging Debtors. He conceded that Saxon has the right to inspect the property, but it is

unreasonable to assess the costs of such inspections against the Debtors and, therefore, the

charges should be disallowed. Fourth and finally, Debtors' counsel argued that the "Interest

Calculated thru 11/1/2007" in the amount of $4,594.59 is in conflict with Saxon's proof of claim,

which lists the interest from Debtors' last paid installment as $3,223.73. Since that proof of

claim was filed, Debtors either made all post-petition monthly mortgage payments or cured those

they missed through the order resolving the motion for relief, therefore, Debtors' counsel argued

that the interest cannot increase by $1,370.66 because everything has been timely paid. As

support, Debtors' counsel points to Exhibit #3, which shows that the chapter 13 Trustee paid a

total of $2,728.30 toward the mortgage arrears. Debtors' counsel has attempted to make this

point to Saxon regarding this issue but has not received a response. Therefore, Debtors ask that the charges for the current bankruptcy fees and costs in the amount of $250.00, the previous bankruptcy fees and costs in the amount of $925.00, and other fees in the amount of $1,601.30 be disallowed. In addition, they ask that the Court reduce the remaining interest due by $2,728.50, which is the amount the Trustee has paid Saxon for the post-petition mortgage arrears as evidenced in Exhibit #3. This would reduce the payoff amount from $95,304.25, the amount in Exhibit #1, to $89,799.45.

In response, Saxon's local bankruptcy counsel was not able to put on any evidence because he had not received any information back from Saxon on the disputed amounts in Saxon's quoted payoff figure. He explained that it was his understanding that the "Current Bankruptcy Attorney Fees and Costs" in the amount of $250.00 and the additional $125.00 from the "Previous Bankruptcy Attorney Fees and Costs" cover the expense of his appearances and that the deed of trust held by Saxon allows for attorney's fees to be charged. Without any evidence to put on, though, he stated that there are two sets of figures and they are leaving it to the Court to determine which one is correct.

Based on the proffer of testimony of the male Debtor at the hearing before the Court on January 7, 2008, agreed to by counsel for Saxon, the Court finds that the Debtors have made all payments required of them under the terms of the Consent Order resolving Saxon's motion for relief and all regular monthly payments on the mortgage debt provided for in their confirmed chapter 13 Plan. That means that they have made all regular monthly payments over the period October 1, 2004 thru the payment due January 1, 2008. That is a total of forty monthly payments. These payments are in addition to the seven monthly payments made on such

6

debt prior to the bankruptcy filing. The principal balance due on such debt according to an amortization schedule[5] after the making of the 47th payment is $87,242.16. To that sum must be added the following amounts:

First, the unpaid balance of the interest portion of the mortgage arrearage provided for in the confirmed Plans for the months May thru September, 2004. The mortgage debt arrearage amount provided for in Saxon's amended Proof of Claim[6] and in the confirmed chapter 13 Plans in this case is $5,528.79. This amount is comprised of the following items:

---

[5] This amortization schedule is attached as an exhibit to this opinion but was not offered into evidence as it was obtained by the Court from the internet webpage http://ray.met.fsu.edu/cgi-bin/amortize. The Court believes that the schedule's reliability is established by the following facts. First, it represents a complete amortization of the mortgage debt at the stated interest rate of the note over the term of the note at the same monthly payment provided for in the note. Second, the principal balance shown by such schedule following the seventh payment is exactly the same amount claimed by Saxon in its proof of claim for such balance at such point in time. Third, an amortization schedule is simply the compiled table of the results of mathematical calculations of the principal and interest portions of regular equal payments necessary to amortize fully a stated sum over a given number of periods at a particular interest rate on a simple interest basis. Accordingly, the Court does not believe that its results could be reasonably disputed by the parties. Therefore, the Court will take judicial notice of such amortization schedule pursuant to Federal Rule of Evidence 201(b).

[6] Saxon filed two proofs of claim in this case. The first was filed on September 13, 2004 and listed a total secured claim of $94,117.02 with $4,672.08 of arrearages. The arrearages represented unpaid mortgage payments from May 1, 2004 through August 1, 2004 and associated fees and charges. Saxon filed its second proof of claim on November 23, 2004 to amend the previous proof of claim. Although the total secured amount at the time of filing remained $94,117.02, the amount of arrearages was increased to $5,529.79 to reflect the September 1, 2004 unpaid post-petition mortgage payment.

7

|  | |
|---|---|
| Five regular mortgage payments, including escrow payments,[7] in the aggregate amount of $856.71 each, for a total of | $4,283.55[8] |
| Late charges for payments 8 - 12 | 144.80 |
| Accrued late charges | 108.60 |
| Escrow shortage[9] | 949.04 |
| BPO Fee | 42.80 |
| TOTAL | $5,528.79 |

This Total was to be satisfied under the terms of the Plan over sixty months. The interest component of the five missed monthly payments (see footnote #8) is $3,357.89. At this point in time during the administration of the case the distributions by the chapter 13 Trustee to Saxon to apply to the mortgage debt arrearage is less than the unpaid interest included in those five payments to be cured. According to Exhibit #3, as of the hearing date the chapter 13 Trustee has disbursed to Saxon the total sum of $2,728.50.[10] This leaves a balance due Saxon for the interest portions of the five missed payments for the period May thru September, 2004 of $629.39.

In examining carefully Saxon's amended Proof of Claim the Court finds that there are two internal inconsistencies in the figures it contains, one of which was invited, indeed perhaps necessitated, by the provisions of the Debtors' Plan. The Debtors filed their petition on August 25, 2004. At that time they were four months delinquent upon their mortgage debt. The

---

[7] The principal and interest payment provided for in the Note is $724.16. Accordingly, the monthly escrow payment would be $856.72 minus $724.16, or $132.56.

[8] Although the Proof of Claim does not itemize the components of this total amount among principal, interest and escrow payment, the breakdown is $262.91 for principal (per amortization schedule), $3,357.89 for interest (per amortization schedule), and $132.56 for escrow deposit (per preceding footnote).

[9] The Proof of Claim does not provide an itemization of the escrow shortage.

[10] This amount is comprised of $2,310.94 distributed upon the $4,672.08 pre-petition arrearage and $417.56 distributed upon the post-petition arrearage of $856.71 provided for in the Court's Order of Confirmation of the Debtors' Plan.

first post-petition payment to come due upon that debt was for September. Instead of paying that

September post-petition payment, however, the Debtors simply skipped it and proposed to

resume regular monthly payments in October and included that payment in the arrearage to be

cured under their Plan. The Proof of Claim form, however, requires both the petition date

amount of the claim and the amount of the arrearage included in that claim be stated. The

Trustee uses that arrearage amount to check against what the Plan proposes to pay to cure that

arrearage. Saxon's Proof of Claim sets out the amount of its claim due on the petition date as

follows:

| | |
|---|---|
| Principal Balance | $89,648.05 |
| Int. from Last Paid Installment | 3,223.73 |
| Payment Late Charges | 144.80 |
| BPO Fee | 42.80 |
| Escrow Shortage | 949.04 |
| Accrued Late Charges | 108.60 |
| TOTAL | $94,117.02 |

It also sets out the arrearage amount, as previously noted, as follows:

| | |
|---|---|
| Payments 5/1/2004 thru 9/1/2004 | $4,283.55 |
| Payment Late Charges | 144.80 |
| BPO Fee | 42.80 |
| Escrow Shortage | 949.04 |
| Accrued Late Charges | 108.60 |
| TOTAL | $5,528.79 |

The petition date claim includes accrued but unpaid interest, as it should have, as of the filing

date of August 25, 2004. The arrearage amount for five missed payments, however, by necessity

includes interest for the period April 1 thru August 31, a total of $3,357.89 (see footnote # 8),

inclusive of the August interest included in the September 2004 payment to be cured under the

Plan. The result is that the arrearage amount used in the Proof of Claim and the Plan includes

9

interest which is not included in the filing date claim amount balance.

The second inconsistency is that the arrearage amount includes both the escrow shortage of $949.04 included in the petition date claim amount and the escrow portions of the five missed payments. The filing date claim amount would have to include whatever escrow shortage existed on that date, whether resulting from missed payments, increase in insurance premium or tax obligation expense, or similar cause. Accordingly, to include in the arrearage amount to be cured both the full amount of the petition date escrow shortage and the entire missed payments total, including escrow component, results in a duplication of such missed escrow payments. For that reason in determining the amount now due Saxon the Court must look to the petition filing date escrow shortage and exclude the escrow portions of the five payments included in the arrearage amount.

Second, to the sum of principal balance and unpaid interest included in the Plan must be added the other amounts included in Saxon's Proof of Claim as being due it as of the filing date of August 25, 2004, none of which has been challenged by the Debtors. Those amounts are as follows:

| | |
|---|---:|
| Payment Late Charges | $144.80 |
| BPO Fee | 42.80 |
| Escrow Shortage | 949.04 |
| Accrued Late Charges | 108.60 |
| TOTAL | $1,245.24 |

The Court must next address the other amounts included in Saxon's payoff quote dated October 25, 2007 contained in Exhibit #1. Included in that payoff amount is an amount of $1,601.30 for unspecified fees. Debtors' counsel stated at the hearing that he assumes that $295.30 of this total is for property inspection fees. The Debtors do not challenge the right of the

mortgagee to inspect the property and charge the cost therefore to them[11] within reasonable limits

but challenge the number of charges made.  The total of $295.30 is comprised of twenty four

charges of $7.95 each and eleven charges of $9.50 each.  Since this case was commenced, forty

full calendar months have passed and Saxon has charged for thirty five property inspections.  In

the absence of any showing by Saxon that monthly inspections of the property were actually

performed and were reasonably necessary to protect the condition of its collateral, the Court

agrees that monthly inspections exceed the limits of reasonableness.  Without attempting to

determine what the exact contour of that limit of reasonableness might be, the Court will

presume that it would certainly be reasonable for a mortgage loan servicer, in the context of

borrowers who are involved in a bankruptcy case and have missed not only the four mortgage

payments immediately preceding their filing but also seven additional payments coming due

following their filing,[12] to inspect the property upon receipt of notice of the bankruptcy filing and

quarterly thereafter.  The Court will allow property inspection charges for thirteen of the thirty

five months for which charges were made.  To determine a proper amount the Court will allow

13/35ths of $295.30, a result of $110 (rounded off).  The Court certainly has no greater ability

than Debtors' counsel or Saxon's counsel to divine the nature of the remainder of the $1,601.30

amount listed for "Other Fees."  In the absence of any evidence thereon, the Court will disallow

---

[11] Such charges are provided for and agreed to in paragraph #14 of the deed of trust
securing the payment of the mortgage debt.

[12] According to the motion for relief from the stay filed by Saxon in this case on January
16, 2006, the Debtors were then in default of four regular monthly payments.  An agreed order
resolving this motion was entered by the Court on March 30, 2006 and it provided for the default
to be cured over a period of six months.

it. The Court will also disallow the figures of $132.58 for escrow,[13] $253.40 for late charges, and

$31.00 for recording fees for lack of evidence of the specific justification for these charges or

proof that they are not already included in the amounts set forth in the Proof of Claim and already

addressed in this opinion. This ruling is not intended, however, to relieve the Debtors of the

normal expense, whatever that may be, of the clerk of court's fee for recording a certificate of

satisfaction for a paid deed of trust lien to be released of record in the office where such deed of

trust is recorded.

Also included in Saxon's quoted payoff of $95,304.25 as of November 1, 2007 set forth

in Exhibit #1 are figures of $925.00 for "previous bankruptcy attorney fees and costs" and

$250.00 for "current bankruptcy attorney fees and costs."[14]  Exhibit #4 contains the following

evidence of attorney fees and costs paid by Saxon during this case as follows:

| 09/11/04 | Proof of Claim | $125.00 |
|---|---|---|
| 10/22/04 | Cost of Obtaining Plan | 25.00 |
| 10/23/04 | Review of Plan | 125.00 |
| 11/19/04 | Amended Proof of Claim | 125.00 |

---

[13] The Court has considered whether it should treat this escrow amount as an admission on Saxon's part that the escrow account shortage has been reduced by escrow payments made during this case and reduce the escrow shortage amount set forth in its Proof of Claim accordingly. It has decided not to do so, however, for two reasons: (1) the Debtors have not advanced any argument to the effect that such adjustment ought to be made, and (2) without detailed information as to the deposits into and payments from the escrow account and an itemization of the original shortage claimed, the Court is not in a good position to know whether any of the original escrow shortfall might be reflected in some portion of the "Other Fees" noted in the October 25, 2007 payoff quote, such as, for example, a forced placement insurance expense, and it seems unfair to treat such quote as unreliable for all purposes other than reducing Saxon's claim below what otherwise would be allowed by the Court in the complete absence of such quote being admitted into evidence.

[14] The Debtors' responsibility for reasonable legal fees and costs incurred by the mortgagee to protect its interest in litigation is provided for in paragraph #14 of the deed of trust securing the mortgage debt.

| | | |
|---|---|---|
| 04/05/06 | Filing Fee for Motion for Relief | 150.00 |
| 04/05/06 | Motion for Relief | 650.00 |
| 04/05/06 | Attendance at Hearing (MFR) | 125.00 |
| 11/19/07 | Obj. to Motion to Sell & 11/15 hearing | 375.00 |

The Consent Order resolving the motion for relief from the stay provided for payment by the

Debtors of counsel fees and costs associated with such motion in the total amount of $800.00,

but this amount according to the proffered testimony has been paid in full pursuant to the terms

of such order. Accordingly, the Court will disallow the three 04/05/06 entries because the parties

agreed that the sum of $800.00 would be paid by the Debtors for legal services and costs related

to the Motion for Relief and that amount, according to the proffered testimony, has been paid in

full when due under the terms of the Consent Order. In the absence of any representation that it

was necessary to pay $25.00 to obtain a copy of the chapter 13 Plan, which is required to be

served upon creditors as a matter of course in a chapter 13 case, the Court will disallow such

amount. The Court will allow $375.00 actually paid by Saxon for legal services for (i)

preparation of both the initial and the amended Proof of Claim in light of the rather unusual Plan

provision to include the first post-petition payment due after the filing as a part of the mortgage

arrearage to be cured under the Plan, and (ii) review of the chapter 13 Plan. The final charge of

$375.00 for legal services relating to the Motion to Sell is more problematic. On one hand, the

Motion sought permission of the Court to sell the Debtors' residence free and clear of the lien

securing the loan Saxon was servicing and as a general proposition Saxon certainly was justified

in obtaining legal services to assist it in protecting the mortgagee's interest. On the other hand, if

Saxon had maintained better account records and been reasonably responsive to the Debtors'

entreaties to provide explanation and justification for the payoff figure it quoted, which was

seriously overstated, that portion of the Motion seeking a judicial determination of the payoff would likely not have been necessary, which would have reduced the legal expense of both Saxon and the Debtors. The Court believes that justice will be served by allowing to Saxon $125.00 for legal services relating to the Motion to Sell, which is the same charge incurred for a review of the chapter 13 Plan. Accordingly, the Court will allow a total of $500.00 to Saxon for legal fees incurred in this case other than the fees involving the Motion for Relief for which the Debtors have previously paid.

On the basis of the foregoing analysis and findings, the Court finds that the correct payoff of the mortgage loan as of January 1, 2008, not including the recording fee applicable to a certificate of satisfaction in the proper jurisdiction's clerk's office, but assuming that the November 2007, December 2007, and January 2008 regular payments were in fact made by the Debtors when due or within the applicable grace period provided for by the note, is the total of the following items:

| | |
|---|---|
| Principal Balance after 47th loan payment | $87,242.16 |
| Balance of accrued interest payable under Plan | 629.39 |
| Late charges, Escrow shortage & BPO Fee in POC | 1,245.24 |
| Property Inspection fees allowed | 110.00 |
| Additional Attorney Fees allowed | 500.00 |
| TOTAL | $89,726.79 |

The interest component of the next monthly payment (the 48th on the amortization schedule), which of course includes interest for the month of January, is $654.32. January has thirty one days so the per diem interest figure payable until full payment by collected funds to Saxon will be $21.11 per day.

The Court further finds that the amount of the sale price of the property which is

14

the subject of the Motion exceeds the aggregate amount of the total liens against such property,

which are composed of only the mortgage lien being serviced by Saxon and the local

jurisdiction's tax lien, there being no dispute as to such fact among the parties appearing at the

hearing.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984. Approval of motions to sell free and clear of liens and the determination

of the value of or the extent of a secured creditor's claim are "core" bankruptcy matters pursuant

to 28 U.S.C. § 157(b)(2)(K) and (N).

Bankruptcy courts are empowered to authorize the sale of property of the

bankruptcy estate free and clear of liens pursuant to 11 U.S.C. § 363(f)(3) when "the price at

which such property is to be sold is greater than the aggregate value of all liens on such

property." 11 U.S.C. § 1327(b) provides that "[e]xcept as otherwise provided in the plan or the

order confirming the plan, the confirmation of a plan vests all of the property of the estate in the

debtor." While the Plan and the confirmation order do not otherwise provide, no party in interest

has raised any issue as to whether the property in question is "property of the estate" within the

meaning of 11 U.S.C. § 363. As a practical matter the Court assumes that all parties in interest

expect the liens to be paid at closing rather than being transferred to the sale proceeds. The real

dispute between the Debtors and Saxon is as to the payoff of the mortgage debt. In light of the

provisions of the confirmation order requiring leave of Court or advance approval of the Trustee

and the lack of any objection to the power of the Court to grant the Debtors' Motion, the Court

15

concludes that it has the power to award the relief sought in the Motion.

Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Court has given full weight to the amount of the claim filed by Saxon in its factual determinations of the amount now owing. Indeed the Debtors have not challenged the figures contained in the Proof of Claim. There is no similar evidentiary weight accorded to the payoff quote dated October 26, 2007, which the Debtors have challenged and advanced persuasive arguments as to why such payoff clearly appears to be in error. For reasons unknown to the Court and apparently to counsel as well, perhaps related to the publicized unsettled conditions in the mortgage market, Saxon has been unable or unwilling to provide a witness or detailed explanation supporting its calculation of its payoff. The Court cannot assume the accuracy of such payoff quote and must base its decision on the evidence provided to it. Accordingly, the Court concludes that it should not accord evidentiary weight to the representations contained in the October 26, 2007 payoff quote letter.

CONCLUSION

For the reasons noted above the Court will enter an order granting the Debtors' Motion and determining the loan payoff as of January 1, 2008 to be $89,726.79 and that per diem interest upon such amount will accrue at a rate of $21.11 per day until loan payoff.

This 14th day of January, 2008.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

# Amortization Calculator

> **NEW INFO:** In preparation for the calculator's impending change of address, I've been making a few minor updates to the program. You probably won't notice anything different: the latest version just handles input errors a little better. I'll announce the new web address soon, so continue to watch this space. --Bret

You may want to find out more about this calculator, or read the Frequently Asked Questions (FAQ). This calculator was written by Bret Whissel.

Almost any data field on this form may be calculated. Enter the appropriate data in each slot, leaving blank (or zero) the value that you wish to calculate, and then activate "Calculate" to update the page.

[ Calculate ]

☐ Show Amortization Schedule

| | |
|---|---|
| Principal: `90000.00` | Payments per Year: `12` |
| Annual Interest Rate: `9.0000` | Number of Regular Payments: `360` |
| Balloon Payment: `0.66` | Payment Amount: `724.16` |

---

**Principal borrowed:** $90000.00
**Annual Payments:** 12 **Total Payments:** 361
**Annual interest rate:** 9.00% **Periodic interest rate:** 0.7500%
**Regular Payment amount:** $724.16 **Final Balloon Payment:** $0.66

*The following results are estimates which do not account for values being rounded to the nearest cent. See the amortization schedule for more accurate values.*
**Total Repaid:** $260698.26
**Total Interest Paid:** $170698.26
**Interest as percentage of Principal:** 189.665%

---

| Pmt | Principal | Interest | Cum Prin | Cum Int | Prin Bal |
|---|---|---|---|---|---|
| 1 | 49.16 | 675.00 | 49.16 | 675.00 | 89950.84 |
| 2 | 49.53 | 674.63 | 98.69 | 1349.63 | 89901.31 |
| 3 | 49.90 | 674.26 | 148.59 | 2023.89 | 89851.41 |
| 4 | 50.27 | 673.89 | 198.86 | 2697.78 | 89801.14 |
| 5 | 50.65 | 673.51 | 249.51 | 3371.29 | 89750.49 |
| 6 | 51.03 | 673.13 | 300.54 | 4044.42 | 89699.46 |
| 7 | 51.41 | 672.75 | 351.95 | 4717.17 | 89648.05 |
| 8 | 51.80 | 672.36 | 403.75 | 5389.53 | 89596.25 |

*(handwritten: 10/1/2003 beside row 1; 4/1/2004 beside row 7; 5/1/2004 beside row 8)*

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| 9 | 52.19 | 671.97 | 455.94 | 6061.50 | 89544.06 |
| 10 | 52.58 | 671.58 | 508.52 | 6733.08 | 89491.48 |
| 11 | 52.97 | 671.19 | 561.49 | 7404.27 | 89438.51 |
| 12 | 53.37 | 670.79 | 614.86 | 8075.06 | 89385.14 |
| 13 | 53.77 | 670.39 | 668.63 | 8745.45 | 89331.37 |
| 14 | 54.17 | 669.99 | 722.80 | 9415.44 | 89277.20 |
| 15 | 54.58 | 669.58 | 777.38 | 10085.02 | 89222.62 |
| 16 | 54.99 | 669.17 | 832.37 | 10754.19 | 89167.63 |
| 17 | 55.40 | 668.76 | 887.77 | 11422.95 | 89112.23 |
| 18 | 55.82 | 668.34 | 943.59 | 12091.29 | 89056.41 |
| 19 | 56.24 | 667.92 | 999.83 | 12759.21 | 89000.17 |
| 20 | 56.66 | 667.50 | 1056.49 | 13426.71 | 88943.51 |
| 21 | 57.08 | 667.08 | 1113.57 | 14093.79 | 88886.43 |
| 22 | 57.51 | 666.65 | 1171.08 | 14760.44 | 88828.92 |
| 23 | 57.94 | 666.22 | 1229.02 | 15426.66 | 88770.98 |
| 24 | 58.38 | 665.78 | 1287.40 | 16092.44 | 88712.60 |
| 25 | 58.82 | 665.34 | 1346.22 | 16757.78 | 88653.78 |
| 26 | 59.26 | 664.90 | 1405.48 | 17422.68 | 88594.52 |
| 27 | 59.70 | 664.46 | 1465.18 | 18087.14 | 88534.82 |
| 28 | 60.15 | 664.01 | 1525.33 | 18751.15 | 88474.67 |
| 29 | 60.60 | 663.56 | 1585.93 | 19414.71 | 88414.07 |
| 30 | 61.05 | 663.11 | 1646.98 | 20077.82 | 88353.02 |
| 31 | 61.51 | 662.65 | 1708.49 | 20740.47 | 88291.51 |
| 32 | 61.97 | 662.19 | 1770.46 | 21402.66 | 88229.54 |
| 33 | 62.44 | 661.72 | 1832.90 | 22064.38 | 88167.10 |
| 34 | 62.91 | 661.25 | 1895.81 | 22725.63 | 88104.19 |
| 35 | 63.38 | 660.78 | 1959.19 | 23386.41 | 88040.81 |
| 36 | 63.85 | 660.31 | 2023.04 | 24046.72 | 87976.96 |
| 37 | 64.33 | 659.83 | 2087.37 | 24706.55 | 87912.63 |
| 38 | 64.82 | 659.34 | 2152.19 | 25365.89 | 87847.81 |
| 39 | 65.30 | 658.86 | 2217.49 | 26024.75 | 87782.51 |
| 40 | 65.79 | 658.37 | 2283.28 | 26683.12 | 87716.72 |
| 41 | 66.28 | 657.88 | 2349.56 | 27341.00 | 87650.44 |
| 42 | 66.78 | 657.38 | 2416.34 | 27998.38 | 87583.66 |
| 43 | 67.28 | 656.88 | 2483.62 | 28655.26 | 87516.38 |
| 44 | 67.79 | 656.37 | 2551.41 | 29311.63 | 87448.59 |
| 45 | 68.30 | 655.86 | 2619.71 | 29967.49 | 87380.29 |
| 46 | 68.81 | 655.35 | 2688.52 | 30622.84 | 87311.48 |
| 47 | 69.32 | 654.84 | 2757.84 | 31277.68 | 87242.16 |
| 48 | 69.84 | 654.32 | 2827.68 | 31932.00 | 87172.32 |
| 49 | 70.37 | 653.79 | 2898.05 | 32585.79 | 87101.95 |
| 50 | 70.90 | 653.26 | 2968.95 | 33239.05 | 87031.05 |
| 51 | 71.43 | 652.73 | 3040.38 | 33891.78 | 86959.62 |
| 52 | 71.96 | 652.20 | 3112.34 | 34543.98 | 86887.66 |
| 53 | 72.50 | 651.66 | 3184.84 | 35195.64 | 86815.16 |
| 54 | 73.05 | 651.11 | 3257.89 | 35846.75 | 86742.11 |

Handwritten annotations in left margin: 10|1|2004 (at row 13), 10|1|2005 (at row 25), 10|1|2006 (at row 37), 10|1|2007 (at row 49), 1|1|2008 (at row 51/52).

Handwritten annotation at right of row 52: "if all payments made"

| | | | | | |
|---|---|---|---|---|---|
| 55 | 73.59 | 650.57 | 3331.48 | 36497.32 | 86668.52 |
| 56 | 74.15 | 650.01 | 3405.63 | 37147.33 | 86594.37 |
| 57 | 74.70 | 649.46 | 3480.33 | 37796.79 | 86519.67 |
| 58 | 75.26 | 648.90 | 3555.59 | 38445.69 | 86444.41 |
| 59 | 75.83 | 648.33 | 3631.42 | 39094.02 | 86368.58 |
| 60 | 76.40 | 647.76 | 3707.82 | 39741.78 | 86292.18 |
| 61 | 76.97 | 647.19 | 3784.79 | 40388.97 | 86215.21 |
| 62 | 77.55 | 646.61 | 3862.34 | 41035.58 | 86137.66 |
| 63 | 78.13 | 646.03 | 3940.47 | 41681.61 | 86059.53 |
| 64 | 78.71 | 645.45 | 4019.18 | 42327.06 | 85980.82 |
| 65 | 79.30 | 644.86 | 4098.48 | 42971.92 | 85901.52 |
| 66 | 79.90 | 644.26 | 4178.38 | 43616.18 | 85821.62 |
| 67 | 80.50 | 643.66 | 4258.88 | 44259.84 | 85741.12 |
| 68 | 81.10 | 643.06 | 4339.98 | 44902.90 | 85660.02 |
| 69 | 81.71 | 642.45 | 4421.69 | 45545.35 | 85578.31 |
| 70 | 82.32 | 641.84 | 4504.01 | 46187.19 | 85495.99 |
| 71 | 82.94 | 641.22 | 4586.95 | 46828.41 | 85413.05 |
| 72 | 83.56 | 640.60 | 4670.51 | 47469.01 | 85329.49 |
| 73 | 84.19 | 639.97 | 4754.70 | 48108.98 | 85245.30 |
| 74 | 84.82 | 639.34 | 4839.52 | 48748.32 | 85160.48 |
| 75 | 85.46 | 638.70 | 4924.98 | 49387.02 | 85075.02 |
| 76 | 86.10 | 638.06 | 5011.08 | 50025.08 | 84988.92 |
| 77 | 86.74 | 637.42 | 5097.82 | 50662.50 | 84902.18 |
| 78 | 87.39 | 636.77 | 5185.21 | 51299.27 | 84814.79 |
| 79 | 88.05 | 636.11 | 5273.26 | 51935.38 | 84726.74 |
| 80 | 88.71 | 635.45 | 5361.97 | 52570.83 | 84638.03 |
| 81 | 89.37 | 634.79 | 5451.34 | 53205.62 | 84548.66 |
| 82 | 90.05 | 634.11 | 5541.39 | 53839.73 | 84458.61 |
| 83 | 90.72 | 633.44 | 5632.11 | 54473.17 | 84367.89 |
| 84 | 91.40 | 632.76 | 5723.51 | 55105.93 | 84276.49 |
| 85 | 92.09 | 632.07 | 5815.60 | 55738.00 | 84184.40 |
| 86 | 92.78 | 631.38 | 5908.38 | 56369.38 | 84091.62 |
| 87 | 93.47 | 630.69 | 6001.85 | 57000.07 | 83998.15 |
| 88 | 94.17 | 629.99 | 6096.02 | 57630.06 | 83903.98 |
| 89 | 94.88 | 629.28 | 6190.90 | 58259.34 | 83809.10 |
| 90 | 95.59 | 628.57 | 6286.49 | 58887.91 | 83713.51 |
| 91 | 96.31 | 627.85 | 6382.80 | 59515.76 | 83617.20 |
| 92 | 97.03 | 627.13 | 6479.83 | 60142.89 | 83520.17 |
| 93 | 97.76 | 626.40 | 6577.59 | 60769.29 | 83422.41 |
| 94 | 98.49 | 625.67 | 6676.08 | 61394.96 | 83323.92 |
| 95 | 99.23 | 624.93 | 6775.31 | 62019.89 | 83224.69 |
| 96 | 99.97 | 624.19 | 6875.28 | 62644.08 | 83124.72 |
| 97 | 100.72 | 623.44 | 6976.00 | 63267.52 | 83024.00 |
| 98 | 101.48 | 622.68 | 7077.48 | 63890.20 | 82922.52 |
| 99 | 102.24 | 621.92 | 7179.72 | 64512.12 | 82820.28 |
| 100 | 103.01 | 621.15 | 7282.73 | 65133.27 | 82717.27 |

Case 04-03519   Doc 106   Filed 01/14/08   Entered 01/14/08 16:04:31   Desc Main
Amortization Calculator Output   Document   Page 20 of 25

Page 4 of 9

| | | | | | |
|---|---|---|---|---|---|
| 101 | 103.78 | 620.38 | 7386.51 | 65753.65 | 82613.49 |
| 102 | 104.56 | 619.60 | 7491.07 | 66373.25 | 82508.93 |
| 103 | 105.34 | 618.82 | 7596.41 | 66992.07 | 82403.59 |
| 104 | 106.13 | 618.03 | 7702.54 | 67610.10 | 82297.46 |
| 105 | 106.93 | 617.23 | 7809.47 | 68227.33 | 82190.53 |
| 106 | 107.73 | 616.43 | 7917.20 | 68843.76 | 82082.80 |
| 107 | 108.54 | 615.62 | 8025.74 | 69459.38 | 81974.26 |
| 108 | 109.35 | 614.81 | 8135.09 | 70074.19 | 81864.91 |
| 109 | 110.17 | 613.99 | 8245.26 | 70688.18 | 81754.74 |
| 110 | 111.00 | 613.16 | 8356.26 | 71301.34 | 81643.74 |
| 111 | 111.83 | 612.33 | 8468.09 | 71913.67 | 81531.91 |
| 112 | 112.67 | 611.49 | 8580.76 | 72525.16 | 81419.24 |
| 113 | 113.52 | 610.64 | 8694.28 | 73135.80 | 81305.72 |
| 114 | 114.37 | 609.79 | 8808.65 | 73745.59 | 81191.35 |
| 115 | 115.22 | 608.94 | 8923.87 | 74354.53 | 81076.13 |
| 116 | 116.09 | 608.07 | 9039.96 | 74962.60 | 80960.04 |
| 117 | 116.96 | 607.20 | 9156.92 | 75569.80 | 80843.08 |
| 118 | 117.84 | 606.32 | 9274.76 | 76176.12 | 80725.24 |
| 119 | 118.72 | 605.44 | 9393.48 | 76781.56 | 80606.52 |
| 120 | 119.61 | 604.55 | 9513.09 | 77386.11 | 80486.91 |
| 121 | 120.51 | 603.65 | 9633.60 | 77989.76 | 80366.40 |
| 122 | 121.41 | 602.75 | 9755.01 | 78592.51 | 80244.99 |
| 123 | 122.32 | 601.84 | 9877.33 | 79194.35 | 80122.67 |
| 124 | 123.24 | 600.92 | 10000.57 | 79795.27 | 79999.43 |
| 125 | 124.16 | 600.00 | 10124.73 | 80395.27 | 79875.27 |
| 126 | 125.10 | 599.06 | 10249.83 | 80994.33 | 79750.17 |
| 127 | 126.03 | 598.13 | 10375.86 | 81592.46 | 79624.14 |
| 128 | 126.98 | 597.18 | 10502.84 | 82189.64 | 79497.16 |
| 129 | 127.93 | 596.23 | 10630.77 | 82785.87 | 79369.23 |
| 130 | 128.89 | 595.27 | 10759.66 | 83381.14 | 79240.34 |
| 131 | 129.86 | 594.30 | 10889.52 | 83975.44 | 79110.48 |
| 132 | 130.83 | 593.33 | 11020.35 | 84568.77 | 78979.65 |
| 133 | 131.81 | 592.35 | 11152.16 | 85161.12 | 78847.84 |
| 134 | 132.80 | 591.36 | 11284.96 | 85752.48 | 78715.04 |
| 135 | 133.80 | 590.36 | 11418.76 | 86342.84 | 78581.24 |
| 136 | 134.80 | 589.36 | 11553.56 | 86932.20 | 78446.44 |
| 137 | 135.81 | 588.35 | 11689.37 | 87520.55 | 78310.63 |
| 138 | 136.83 | 587.33 | 11826.20 | 88107.88 | 78173.80 |
| 139 | 137.86 | 586.30 | 11964.06 | 88694.18 | 78035.94 |
| 140 | 138.89 | 585.27 | 12102.95 | 89279.45 | 77897.05 |
| 141 | 139.93 | 584.23 | 12242.88 | 89863.68 | 77757.12 |
| 142 | 140.98 | 583.18 | 12383.86 | 90446.86 | 77616.14 |
| 143 | 142.04 | 582.12 | 12525.90 | 91028.98 | 77474.10 |
| 144 | 143.10 | 581.06 | 12669.00 | 91610.04 | 77331.00 |
| 145 | 144.18 | 579.98 | 12813.18 | 92190.02 | 77186.82 |
| 146 | 145.26 | 578.90 | 12958.44 | 92768.92 | 77041.56 |

| | | | | | |
|---|---|---|---|---|---|
| 147 | 146.35 | 577.81 | 13104.79 | 93346.73 | 76895.21 |
| 148 | 147.45 | 576.71 | 13252.24 | 93923.44 | 76747.76 |
| 149 | 148.55 | 575.61 | 13400.79 | 94499.05 | 76599.21 |
| 150 | 149.67 | 574.49 | 13550.46 | 95073.54 | 76449.54 |
| 151 | 150.79 | 573.37 | 13701.25 | 95646.91 | 76298.75 |
| 152 | 151.92 | 572.24 | 13853.17 | 96219.15 | 76146.83 |
| 153 | 153.06 | 571.10 | 14006.23 | 96790.25 | 75993.77 |
| 154 | 154.21 | 569.95 | 14160.44 | 97360.20 | 75839.56 |
| 155 | 155.36 | 568.80 | 14315.80 | 97929.00 | 75684.20 |
| 156 | 156.53 | 567.63 | 14472.33 | 98496.63 | 75527.67 |
| 157 | 157.70 | 566.46 | 14630.03 | 99063.09 | 75369.97 |
| 158 | 158.89 | 565.27 | 14788.92 | 99628.36 | 75211.08 |
| 159 | 160.08 | 564.08 | 14949.00 | 100192.44 | 75051.00 |
| 160 | 161.28 | 562.88 | 15110.28 | 100755.32 | 74889.72 |
| 161 | 162.49 | 561.67 | 15272.77 | 101316.99 | 74727.23 |
| 162 | 163.71 | 560.45 | 15436.48 | 101877.44 | 74563.52 |
| 163 | 164.93 | 559.23 | 15601.41 | 102436.67 | 74398.59 |
| 164 | 166.17 | 557.99 | 15767.58 | 102994.66 | 74232.42 |
| 165 | 167.42 | 556.74 | 15935.00 | 103551.40 | 74065.00 |
| 166 | 168.67 | 555.49 | 16103.67 | 104106.89 | 73896.33 |
| 167 | 169.94 | 554.22 | 16273.61 | 104661.11 | 73726.39 |
| 168 | 171.21 | 552.95 | 16444.82 | 105214.06 | 73555.18 |
| 169 | 172.50 | 551.66 | 16617.32 | 105765.72 | 73382.68 |
| 170 | 173.79 | 550.37 | 16791.11 | 106316.09 | 73208.89 |
| 171 | 175.09 | 549.07 | 16966.20 | 106865.16 | 73033.80 |
| 172 | 176.41 | 547.75 | 17142.61 | 107412.91 | 72857.39 |
| 173 | 177.73 | 546.43 | 17320.34 | 107959.34 | 72679.66 |
| 174 | 179.06 | 545.10 | 17499.40 | 108504.44 | 72500.60 |
| 175 | 180.41 | 543.75 | 17679.81 | 109048.19 | 72320.19 |
| 176 | 181.76 | 542.40 | 17861.57 | 109590.59 | 72138.43 |
| 177 | 183.12 | 541.04 | 18044.69 | 110131.63 | 71955.31 |
| 178 | 184.50 | 539.66 | 18229.19 | 110671.29 | 71770.81 |
| 179 | 185.88 | 538.28 | 18415.07 | 111209.57 | 71584.93 |
| 180 | 187.27 | 536.89 | 18602.34 | 111746.46 | 71397.66 |
| 181 | 188.68 | 535.48 | 18791.02 | 112281.94 | 71208.98 |
| 182 | 190.09 | 534.07 | 18981.11 | 112816.01 | 71018.89 |
| 183 | 191.52 | 532.64 | 19172.63 | 113348.65 | 70827.37 |
| 184 | 192.95 | 531.21 | 19365.58 | 113879.86 | 70634.42 |
| 185 | 194.40 | 529.76 | 19559.98 | 114409.62 | 70440.02 |
| 186 | 195.86 | 528.30 | 19755.84 | 114937.92 | 70244.16 |
| 187 | 197.33 | 526.83 | 19953.17 | 115464.75 | 70046.83 |
| 188 | 198.81 | 525.35 | 20151.98 | 115990.10 | 69848.02 |
| 189 | 200.30 | 523.86 | 20352.28 | 116513.96 | 69647.72 |
| 190 | 201.80 | 522.36 | 20554.08 | 117036.32 | 69445.92 |
| 191 | 203.32 | 520.84 | 20757.40 | 117557.16 | 69242.60 |
| 192 | 204.84 | 519.32 | 20962.24 | 118076.48 | 69037.76 |

Case 04-03519   Doc 106   Filed 01/14/08   Entered 01/14/08 16:04:31   Desc Main
Amortization Calculator Output   Document   Page 22 of 25

Page 6 of 9

| | | | | | |
|---|---|---|---|---|---|
| 193 | 206.38 | 517.78 | 21168.62 | 118594.26 | 68831.38 |
| 194 | 207.92 | 516.24 | 21376.54 | 119110.50 | 68623.46 |
| 195 | 209.48 | 514.68 | 21586.02 | 119625.18 | 68413.98 |
| 196 | 211.06 | 513.10 | 21797.08 | 120138.28 | 68202.92 |
| 197 | 212.64 | 511.52 | 22009.72 | 120649.80 | 67990.28 |
| 198 | 214.23 | 509.93 | 22223.95 | 121159.73 | 67776.05 |
| 199 | 215.84 | 508.32 | 22439.79 | 121668.05 | 67560.21 |
| 200 | 217.46 | 506.70 | 22657.25 | 122174.75 | 67342.75 |
| 201 | 219.09 | 505.07 | 22876.34 | 122679.82 | 67123.66 |
| 202 | 220.73 | 503.43 | 23097.07 | 123183.25 | 66902.93 |
| 203 | 222.39 | 501.77 | 23319.46 | 123685.02 | 66680.54 |
| 204 | 224.06 | 500.10 | 23543.52 | 124185.12 | 66456.48 |
| 205 | 225.74 | 498.42 | 23769.26 | 124683.54 | 66230.74 |
| 206 | 227.43 | 496.73 | 23996.69 | 125180.27 | 66003.31 |
| 207 | 229.14 | 495.02 | 24225.83 | 125675.29 | 65774.17 |
| 208 | 230.85 | 493.31 | 24456.68 | 126168.60 | 65543.32 |
| 209 | 232.59 | 491.57 | 24689.27 | 126660.17 | 65310.73 |
| 210 | 234.33 | 489.83 | 24923.60 | 127150.00 | 65076.40 |
| 211 | 236.09 | 488.07 | 25159.69 | 127638.07 | 64840.31 |
| 212 | 237.86 | 486.30 | 25397.55 | 128124.37 | 64602.45 |
| 213 | 239.64 | 484.52 | 25637.19 | 128608.89 | 64362.81 |
| 214 | 241.44 | 482.72 | 25878.63 | 129091.61 | 64121.37 |
| 215 | 243.25 | 480.91 | 26121.88 | 129572.52 | 63878.12 |
| 216 | 245.07 | 479.09 | 26366.95 | 130051.61 | 63633.05 |
| 217 | 246.91 | 477.25 | 26613.86 | 130528.86 | 63386.14 |
| 218 | 248.76 | 475.40 | 26862.62 | 131004.26 | 63137.38 |
| 219 | 250.63 | 473.53 | 27113.25 | 131477.79 | 62886.75 |
| 220 | 252.51 | 471.65 | 27365.76 | 131949.44 | 62634.24 |
| 221 | 254.40 | 469.76 | 27620.16 | 132419.20 | 62379.84 |
| 222 | 256.31 | 467.85 | 27876.47 | 132887.05 | 62123.53 |
| 223 | 258.23 | 465.93 | 28134.70 | 133352.98 | 61865.30 |
| 224 | 260.17 | 463.99 | 28394.87 | 133816.97 | 61605.13 |
| 225 | 262.12 | 462.04 | 28656.99 | 134279.01 | 61343.01 |
| 226 | 264.09 | 460.07 | 28921.08 | 134739.08 | 61078.92 |
| 227 | 266.07 | 458.09 | 29187.15 | 135197.17 | 60812.85 |
| 228 | 268.06 | 456.10 | 29455.21 | 135653.27 | 60544.79 |
| 229 | 270.07 | 454.09 | 29725.28 | 136107.36 | 60274.72 |
| 230 | 272.10 | 452.06 | 29997.38 | 136559.42 | 60002.62 |
| 231 | 274.14 | 450.02 | 30271.52 | 137009.44 | 59728.48 |
| 232 | 276.20 | 447.96 | 30547.72 | 137457.40 | 59452.28 |
| 233 | 278.27 | 445.89 | 30825.99 | 137903.29 | 59174.01 |
| 234 | 280.35 | 443.81 | 31106.34 | 138347.10 | 58893.66 |
| 235 | 282.46 | 441.70 | 31388.80 | 138788.80 | 58611.20 |
| 236 | 284.58 | 439.58 | 31673.38 | 139228.38 | 58326.62 |
| 237 | 286.71 | 437.45 | 31960.09 | 139665.83 | 58039.91 |
| 238 | 288.86 | 435.30 | 32248.95 | 140101.13 | 57751.05 |
| 239 | 291.03 | 433.13 | 32539.98 | 140534.26 | 57460.02 |

| | | | | | |
|---|---|---|---|---|---|
| 240 | 293.21 | 430.95 | 32833.19 | 140965.21 | 57166.81 |
| 241 | 295.41 | 428.75 | 33128.60 | 141393.96 | 56871.40 |
| 242 | 297.62 | 426.54 | 33426.22 | 141820.50 | 56573.78 |
| 243 | 299.86 | 424.30 | 33726.08 | 142244.80 | 56273.92 |
| 244 | 302.11 | 422.05 | 34028.19 | 142666.85 | 55971.81 |
| 245 | 304.37 | 419.79 | 34332.56 | 143086.64 | 55667.44 |
| 246 | 306.65 | 417.51 | 34639.21 | 143504.15 | 55360.79 |
| 247 | 308.95 | 415.21 | 34948.16 | 143919.36 | 55051.84 |
| 248 | 311.27 | 412.89 | 35259.43 | 144332.25 | 54740.57 |
| 249 | 313.61 | 410.55 | 35573.04 | 144742.80 | 54426.96 |
| 250 | 315.96 | 408.20 | 35889.00 | 145151.00 | 54111.00 |
| 251 | 318.33 | 405.83 | 36207.33 | 145556.83 | 53792.67 |
| 252 | 320.71 | 403.45 | 36528.04 | 145960.28 | 53471.96 |
| 253 | 323.12 | 401.04 | 36851.16 | 146361.32 | 53148.84 |
| 254 | 325.54 | 398.62 | 37176.70 | 146759.94 | 52823.30 |
| 255 | 327.99 | 396.17 | 37504.69 | 147156.11 | 52495.31 |
| 256 | 330.45 | 393.71 | 37835.14 | 147549.82 | 52164.86 |
| 257 | 332.92 | 391.24 | 38168.06 | 147941.06 | 51831.94 |
| 258 | 335.42 | 388.74 | 38503.48 | 148329.80 | 51496.52 |
| 259 | 337.94 | 386.22 | 38841.42 | 148716.02 | 51158.58 |
| 260 | 340.47 | 383.69 | 39181.89 | 149099.71 | 50818.11 |
| 261 | 343.02 | 381.14 | 39524.91 | 149480.85 | 50475.09 |
| 262 | 345.60 | 378.56 | 39870.51 | 149859.41 | 50129.49 |
| 263 | 348.19 | 375.97 | 40218.70 | 150235.38 | 49781.30 |
| 264 | 350.80 | 373.36 | 40569.50 | 150608.74 | 49430.50 |
| 265 | 353.43 | 370.73 | 40922.93 | 150979.47 | 49077.07 |
| 266 | 356.08 | 368.08 | 41279.01 | 151347.55 | 48720.99 |
| 267 | 358.75 | 365.41 | 41637.76 | 151712.96 | 48362.24 |
| 268 | 361.44 | 362.72 | 41999.20 | 152075.68 | 48000.80 |
| 269 | 364.15 | 360.01 | 42363.35 | 152435.69 | 47636.65 |
| 270 | 366.89 | 357.27 | 42730.24 | 152792.96 | 47269.76 |
| 271 | 369.64 | 354.52 | 43099.88 | 153147.48 | 46900.12 |
| 272 | 372.41 | 351.75 | 43472.29 | 153499.23 | 46527.71 |
| 273 | 375.20 | 348.96 | 43847.49 | 153848.19 | 46152.51 |
| 274 | 378.02 | 346.14 | 44225.51 | 154194.33 | 45774.49 |
| 275 | 380.85 | 343.31 | 44606.36 | 154537.64 | 45393.64 |
| 276 | 383.71 | 340.45 | 44990.07 | 154878.09 | 45009.93 |
| 277 | 386.59 | 337.57 | 45376.66 | 155215.66 | 44623.34 |
| 278 | 389.48 | 334.68 | 45766.14 | 155550.34 | 44233.86 |
| 279 | 392.41 | 331.75 | 46158.55 | 155882.09 | 43841.45 |
| 280 | 395.35 | 328.81 | 46553.90 | 156210.90 | 43446.10 |
| 281 | 398.31 | 325.85 | 46952.21 | 156536.75 | 43047.79 |
| 282 | 401.30 | 322.86 | 47353.51 | 156859.61 | 42646.49 |
| 283 | 404.31 | 319.85 | 47757.82 | 157179.46 | 42242.18 |
| 284 | 407.34 | 316.82 | 48165.16 | 157496.28 | 41834.84 |
| 285 | 410.40 | 313.76 | 48575.56 | 157810.04 | 41424.44 |

| | | | | | |
|---|---|---|---|---|---|
| 286 | 413.48 | 310.68 | 48989.04 | 158120.72 | 41010.96 |
| 287 | 416.58 | 307.58 | 49405.62 | 158428.30 | 40594.38 |
| 288 | 419.70 | 304.46 | 49825.32 | 158732.76 | 40174.68 |
| 289 | 422.85 | 301.31 | 50248.17 | 159034.07 | 39751.83 |
| 290 | 426.02 | 298.14 | 50674.19 | 159332.21 | 39325.81 |
| 291 | 429.22 | 294.94 | 51103.41 | 159627.15 | 38896.59 |
| 292 | 432.44 | 291.72 | 51535.85 | 159918.87 | 38464.15 |
| 293 | 435.68 | 288.48 | 51971.53 | 160207.35 | 38028.47 |
| 294 | 438.95 | 285.21 | 52410.48 | 160492.56 | 37589.52 |
| 295 | 442.24 | 281.92 | 52852.72 | 160774.48 | 37147.28 |
| 296 | 445.56 | 278.60 | 53298.28 | 161053.08 | 36701.72 |
| 297 | 448.90 | 275.26 | 53747.18 | 161328.34 | 36252.82 |
| 298 | 452.26 | 271.90 | 54199.44 | 161600.24 | 35800.56 |
| 299 | 455.66 | 268.50 | 54655.10 | 161868.74 | 35344.90 |
| 300 | 459.07 | 265.09 | 55114.17 | 162133.83 | 34885.83 |
| 301 | 462.52 | 261.64 | 55576.69 | 162395.47 | 34423.31 |
| 302 | 465.99 | 258.17 | 56042.68 | 162653.64 | 33957.32 |
| 303 | 469.48 | 254.68 | 56512.16 | 162908.32 | 33487.84 |
| 304 | 473.00 | 251.16 | 56985.16 | 163159.48 | 33014.84 |
| 305 | 476.55 | 247.61 | 57461.71 | 163407.09 | 32538.29 |
| 306 | 480.12 | 244.04 | 57941.83 | 163651.13 | 32058.17 |
| 307 | 483.72 | 240.44 | 58425.55 | 163891.57 | 31574.45 |
| 308 | 487.35 | 236.81 | 58912.90 | 164128.38 | 31087.10 |
| 309 | 491.01 | 233.15 | 59403.91 | 164361.53 | 30596.09 |
| 310 | 494.69 | 229.47 | 59898.60 | 164591.00 | 30101.40 |
| 311 | 498.40 | 225.76 | 60397.00 | 164816.76 | 29603.00 |
| 312 | 502.14 | 222.02 | 60899.14 | 165038.78 | 29100.86 |
| 313 | 505.90 | 218.26 | 61405.04 | 165257.04 | 28594.96 |
| 314 | 509.70 | 214.46 | 61914.74 | 165471.50 | 28085.26 |
| 315 | 513.52 | 210.64 | 62428.26 | 165682.14 | 27571.74 |
| 316 | 517.37 | 206.79 | 62945.63 | 165888.93 | 27054.37 |
| 317 | 521.25 | 202.91 | 63466.88 | 166091.84 | 26533.12 |
| 318 | 525.16 | 199.00 | 63992.04 | 166290.84 | 26007.96 |
| 319 | 529.10 | 195.06 | 64521.14 | 166485.90 | 25478.86 |
| 320 | 533.07 | 191.09 | 65054.21 | 166676.99 | 24945.79 |
| 321 | 537.07 | 187.09 | 65591.28 | 166864.08 | 24408.72 |
| 322 | 541.09 | 183.07 | 66132.37 | 167047.15 | 23867.63 |
| 323 | 545.15 | 179.01 | 66677.52 | 167226.16 | 23322.48 |
| 324 | 549.24 | 174.92 | 67226.76 | 167401.08 | 22773.24 |
| 325 | 553.36 | 170.80 | 67780.12 | 167571.88 | 22219.88 |
| 326 | 557.51 | 166.65 | 68337.63 | 167738.53 | 21662.37 |
| 327 | 561.69 | 162.47 | 68899.32 | 167901.00 | 21100.68 |
| 328 | 565.90 | 158.26 | 69465.22 | 168059.26 | 20534.78 |
| 329 | 570.15 | 154.01 | 70035.37 | 168213.27 | 19964.63 |
| 330 | 574.43 | 149.73 | 70609.80 | 168363.00 | 19390.20 |
| 331 | 578.73 | 145.43 | 71188.53 | 168508.43 | 18811.47 |

Case 04-03519   Doc 106   Filed 01/14/08   Entered 01/14/08 16:04:31   Desc Main
Amortization Calculator Output   Document   Page 25 of 25

Page 9 of 9

| | | | | | |
|---|---|---|---|---|---|
| 332 | 583.07 | 141.09 | 71771.60 | 168649.52 | 18228.40 |
| 333 | 587.45 | 136.71 | 72359.05 | 168786.23 | 17640.95 |
| 334 | 591.85 | 132.31 | 72950.90 | 168918.54 | 17049.10 |
| 335 | 596.29 | 127.87 | 73547.19 | 169046.41 | 16452.81 |
| 336 | 600.76 | 123.40 | 74147.95 | 169169.81 | 15852.05 |
| 337 | 605.27 | 118.89 | 74753.22 | 169288.70 | 15246.78 |
| 338 | 609.81 | 114.35 | 75363.03 | 169403.05 | 14636.97 |
| 339 | 614.38 | 109.78 | 75977.41 | 169512.83 | 14022.59 |
| 340 | 618.99 | 105.17 | 76596.40 | 169618.00 | 13403.60 |
| 341 | 623.63 | 100.53 | 77220.03 | 169718.53 | 12779.97 |
| 342 | 628.31 | 95.85 | 77848.34 | 169814.38 | 12151.66 |
| 343 | 633.02 | 91.14 | 78481.36 | 169905.52 | 11518.64 |
| 344 | 637.77 | 86.39 | 79119.13 | 169991.91 | 10880.87 |
| 345 | 642.55 | 81.61 | 79761.68 | 170073.52 | 10238.32 |
| 346 | 647.37 | 76.79 | 80409.05 | 170150.31 | 9590.95 |
| 347 | 652.23 | 71.93 | 81061.28 | 170222.24 | 8938.72 |
| 348 | 657.12 | 67.04 | 81718.40 | 170289.28 | 8281.60 |
| 349 | 662.05 | 62.11 | 82380.45 | 170351.39 | 7619.55 |
| 350 | 667.01 | 57.15 | 83047.46 | 170408.54 | 6952.54 |
| 351 | 672.02 | 52.14 | 83719.48 | 170460.68 | 6280.52 |
| 352 | 677.06 | 47.10 | 84396.54 | 170507.78 | 5603.46 |
| 353 | 682.13 | 42.03 | 85078.67 | 170549.81 | 4921.33 |
| 354 | 687.25 | 36.91 | 85765.92 | 170586.72 | 4234.08 |
| 355 | 692.40 | 31.76 | 86458.32 | 170618.48 | 3541.68 |
| 356 | 697.60 | 26.56 | 87155.92 | 170645.04 | 2844.08 |
| 357 | 702.83 | 21.33 | 87858.75 | 170666.37 | 2141.25 |
| 358 | 708.10 | 16.06 | 88566.85 | 170682.43 | 1433.15 |
| 359 | 713.41 | 10.75 | 89280.26 | 170693.18 | 719.74 |
| 360 | 718.76 | 5.40 | 89999.02 | 170698.58 | 0.98 |
| 361 | *0.98 | 0.01 | 90000.00 | 170698.59 | -0.00 |

*The final payment has been adjusted to account for payments
having been rounded to the nearest cent.